JAMES CONWAY V. ST. JOSEPH IRON CO.

[FILED NOVEMBER 18, 1891.]

1. **Judgment Creditors:** ENTITLED TO PROPERTY COVERED BY UNRECORDED BILL OF SALE. Where a bill of sale given as security for a debt is not filed as the law directs to make it effective as to creditors, the property covered by it is liable to seizure in satisfaction of a judgment against the seller, while the property remains in his possession.

2. **Review.** A verdict clearly against the weight of the evidence will be set aside.

ERROR to the district court for Johnson county. Tried below before BROADY, J.

*Daniel F. Osgood,* for plaintiff in error.

*S. P. Davidson, contra.*

NORVAL, J.

This action was brought by the defendant in error to recover possession of 1,000 feet of hardwood lumber, 500 feet of poplar lumber, one harrow, and two harrow frames. The property was taken under the writ and the possession delivered to the plaintiff below. The answer of the defendant was a general denial. A trial was had to a jury, which resulted in a verdict in favor of the plaintiff, assessing its damages at five cents. The defendant's motion for a new trial was overruled and. judgment rendered on the verdict.

The first assignment in the petition in error, as well as in the motion for a new trial, is that the verdict is not sustained by sufficient evidence. The record discloses that at the commencement of the suit the property was in the possession of the plaintiff in error as constable, who had taken it under and by virtue of an execution issued

against one Erhardt Seiss.   At the time of the levy the property was in the possession of the defendant in execution.   The plaintiff below claims the property under a bill of sale from Mr. Seiss executed prior to the levy made by the constable, but which had not been recorded.

The proofs show that on and prior to July 26, 1886, Erhart Seiss was engaged in business in Elk Creek, Johnson county, and on that day, being indebted to the St. Joseph Iron Co. for goods sold and delivered, executed to it a bill of sale of certain described personal property, including the property in controversy, for the expressed consideration of $164.62.   The testimony of W. S. Bristol is to the effect that, as salesman and collector for the defendant in error, the property was turned over to him by Mr. Seiss in satisfaction of the debt, and thereupon the witness appointed Mr. Seiss as agent for the company to carry on the business, who was left in possession of the property.

Upon the trial it was established by numerous witnesses that the business was continued by Mr. Seiss in his own name, selling in the ordinary course of business, and buying goods to replenish the stock.   It also appears that, long after the making of the bill of sale, Mr. Seiss executed to the defendant in error a chattel mortgage on the stock, which was placed upon record.   While there is testimony to show that the mortgage was never accepted by the company, it tends to show that the mortgagor regarded himself as owner of the property.   It also appears in the testimony, and is uncontradicted, that after the levy of the execution, and just prior to the bringing of this suit, Mr. Wileman, the president of the company, stated to the plaintiff in error and Mr. Osgood, "that Seiss owed the St. Joseph Iron Company, but if he would pay them off they had no lien whatever against the stock that was there."   This statement is entirely inconsistent with the position now insisted upon by the defendant in error,

that it is the absolute owner of goods replevied. The testimony is overwhelming against the finding of the jury that plaintiff below was the owner of the property at the commencement of the action.

The evidence shows that the bill of sale was in effect a chattel mortgage, and not being filed as the law requires to make it effective as to creditors, the property covered by it was liable to seizure on execution while it remained in the possession of Seiss. The plaintiff in error having by lawful seizure acquired a lien upon the property, his right to possession is superior to the claim of the St. Joseph Iron Company under the bill of sale.

The conclusion reached makes it unnecessary to notice the other errors assigned. The judgment is reversed and the cause remanded for further proceedings.

REVERSED AND REMANDED.

THE other judges concur.